UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. CATANZARO,

    Plaintiff,

v.                                                                 Case No. 06-10338
                                                              Hon. Sean F. Cox

OAKLAND COUNTY COMMUNITY COLLEGE,

    Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on Defendant's Motion for summary judgment. Both parties have fully briefed the issues, including supplemental briefing, and a hearing was held January 4, 2007. For the following reasons, the Court **GRANTS** Defendant's Motion for summary judgment.

**I. BACKGROUND**

    This action arises out of Defendant's failure to hire Plaintiff as an English professor. Defendant, Oakland Community College, is a two-year higher education institution.

    In response to an advertisement, Plaintiff sent his resume to Defendant for consideration for an English instructor position in June 2005. Plaintiff has a Master's Degree and a Ph.D. in English literature. He has taught community college and university English courses since 1992. The advertised qualifications for the position with Defendant were: (1) Master's Degree or higher in English; and (2) preference for experience with multi-cultural students and staff.

1

A selection committee met to determine who would be granted an interview based on the written materials submitted. The selection committee subsequently interviewed eight candidates using a standard set of questions and subjective scoring system. Based on the subjective scoring, the selection committee narrowed the field to three candidates to be interviewed by the Dean, Lloyd Crews ("Crews").

Plaintiff was ranked second in the group of three candidates to be interviewed by Crews. He was interviewed by Crews on August 12, 2005. Plaintiff believed his interview with Crews went well. He was told the final decision would be made by the Board of Trustees on August 15, 2005. However, on August 12, 2005, Plaintiff received a letter indicating he was no longer being considered for the position.

Defendant hired its number one candidate, Gina Fournier ("Fournier"). Fournier had a Master's Degree in English and teaching experience since 1992, but she had less community college teaching experience than Plaintiff. On August 18, 2005, Plaintiff wrote the Board of Trustees complaining that he was the "unfortunate victim of the mandates of Affirmative Action." Plaintiff demanded to know if the individual hired had better qualifications than him. He never received a response to his inquiry.

In September 2005, Defendant posted another opening for an English Instructor. Plaintiff again submitted his application materials. This time, Plaintiff was not selected for an interview by the selection committee. Using the same process used for the first position, Defendant hired Suzanne Labadie ("Labadie") for the second position. Labadie had a Master's Degree in English and one and a half years teaching experience.

On January 25, 2006, Plaintiff filed a single count Complaint alleging sex discrimination

in violation of the Elliott-Larsen Civil Rights Act ("ELCRA").[1] MCL §37.2101 *et seq*. Defendant filed a Motion for summary judgment on September 15, 2006.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## IV. ANALYSIS

The ELCRA provides that:

(1) An employer shall not do any of the following:
(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

MCL §37.2202(1)(a).

---

[1] Although Plaintiff's claim arises solely under state law, subject matter jurisdiction exists because Plaintiff is a citizen of Ohio. See 28 USC §1332.

"A prima facie case of discrimination under the Civil Rights Act can be made by proving either disparate treatment or disparate impact." *Duranceau v. Alpena Power Company*, 250 Mich.App. 179, 181-182 (Mich.App. 2002). "Disparate treatment requires a showing of either intentional discrimination against protected employees or against an individual plaintiff. Disparate impact requires a showing that an otherwise facially-neutral employment policy has a discriminatory effect on members of a protected class." *Id*. at 182. Plaintiff does not assert disparate impact discrimination.

Where a plaintiff is unable to adduce direct evidence of discrimination, the plaintiff may prove his case by circumstantial evidence. *Hazle v. Ford Motor Company*, 464 Mich. 456, 462 (2001). When a plaintiff intends to prove his case by circumstantial evidence, he is constrained to rely on the *McDonnell Douglas*[2] framework. *Id*. at 463. There is no dispute that the *McDonnell Douglas* framework is applicable to this case.

In order to establish a prima facie case of discrimination using the *McDonnell Douglas* framework, the plaintiff is required to present evidence that: (1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination. *Id.* See also, *Mick v. Lake Orion Community Schools,* 474 Mich. 948, 949 (2005) and *Sniecinski v. Blue Cross and Blue Shield of Michigan*, 469 Mich. 124, 134 (2003).

Pursuant to the *McDonnell Douglas* framework, "[w]hen the plaintiff has sufficiently established a prima facie case, a presumption of discrimination arises." *Hazle*, 464 Mich. at Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a

---

[2]*McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973)

legitimate, nondiscriminatory reason for its employment decision. *Id*. at 464. If the defendant offers a legitimate nondiscriminatory reason, the presumption of discrimination disappears. *Town v. Michigan Bell Telephone Company*, 455 Mich. 688, 696 (1997). The burden then returns to the plaintiff to offer evidence that is "sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff." *Hazle,* 464 Mich. at 465 (citation omitted). The plaintiff must raise a triable issue that the proffered reason was a pretext for discrimination. *Id*. at 465-466.

      **A.**    **Does Plaintiff Establish a Prima Facie Case of Sex Discrimination Under the ELCRA?**

The parties agree that Plaintiff satisfies the first three prongs of the *McDonnell Douglas* framework. Plaintiff is male, he was not hired for the English Instructor positions, and he met the minimum qualifications for the positions.

The parties dispute whether Plaintiff satisfies the fourth prong. Defendant seeks summary judgment because it claims that Plaintiff fails to establish that similarly situated women were treated differently. Defendant notes that for the first position Plaintiff applied to, there were 84 women who applied and met the minimum qualifications, of those, five had Ph.D.'s like Plaintiff and were not hired. [Motion, p.13; Exhibit H]. For the second position, 45 women met the minimum qualifications, of those, four had Ph.D.'s like Plaintiff but were not hired. *Id*.

Plaintiff does not respond to Defendant's argument. Rather, Plaintiff concludes that he has established a prima facie case "by showing that he is male, that he applied for and was most qualified for the jobs, that Defendant rejected him despite his superior qualifications, and that Defendant hired lesser-qualified females." [Response, p.14].

Plaintiff does establish a prima facie case under the *McDonnell Douglas* framework. The *Hazle* case is particularly instructive on this point. In *Hazle*, the plaintiff alleged racial discrimination in her failure to be hired as an officer manager for the defendant. The court held that the plaintiff presented evidence satisfying the fourth prong of the *McDonnell Douglas* test because she presented evidence "suggesting she was rejected in favor of a less qualified white applicant." *Hazle*, 464 Mich. at 471. The plaintiff in *Hazle* demonstrated that compared to the candidate that was hired, the plaintiff was the only one who had a college degree and credits toward a master's degree, and only the plaintiff had experience working for the defendant. *Id*. at 471-472.

Here, Plaintiff contends he was rejected in favor of lesser qualified female applicants. Defendant does not dispute that it hired candidates with master's degrees, while Plaintiff has a Ph.D. in English. Also, Plaintiff has substantially more teaching experience than Labadie. Thus, Plaintiff establishes a prima facie case because he offers evidence from which a jury, if unaware of Defendant's reasons, could infer unlawful discrimination. See *Hazle*, 464 Mich. at 471-472.

Defendant's contention that Plaintiff cannot establish a prima facie case because he has not offered evidence that others not in the protected class and similarly situated were treated differently is without merit in light of *Hazle*. It is true that "[c]ircumstances give rise to an inference of discrimination when the plaintiff was treated differently than persons of a different class for the same or similar conduct." *Wilcoxon v. Minnesota Mining & Manufacturing Company*, 235 Mich.App. 347, 361 (Mich.App. 1999). But, following *Hazle*, there is no authority that a plaintiff alleging gender discrimination in a hiring decision *must* introduce that type of evidence in order to sustain a claim. Rather, evidence that others similarly situated were

treated differently will give rise to an inference of discrimination, but it is not the only way to establish such an inference.

    **B.    Does Defendant Articulate a Legitimate Nondiscriminatory Reason for Failing to Hire Plaintiff?**

Defendant articulates a legitimate, nondiscriminatory reason for failing to hire Plaintiff. Crews testified that during the interview process for the first position Plaintiff did not exhibit qualities that he thought were necessary for a two-year institution. [Exhibit D]. Crews also stated that Defendant's focus is on teaching, and Plaintiff seemed more concerned with research and publication opportunities. [Exhibit D]. Several of the committee members also had reservations regarding Plaintiff's attitude. [Exhibits C,E,F,G]. Based on the interviews, Crews determined Plaintiff was not a good fit for Defendant's institution.

As to the second position, Defendant relied on its opinion of Plaintiff formulated during the interview process for the first position a short time before, in declining to interview him. [Motion, p.9].

    **C.    Does Plaintiff Establish a Genuine Issue of Material Fact That Defendant's Proffered Reason is Pretext for Discrimination?**

Because Defendant articulated a legitimate nondiscriminatory reason for not hiring Plaintiff, the presumption of discrimination created by Plaintiff's prima facie case falls away and Plaintiff has the burden to "show the existence of evidence sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action." *Hazle,* 464 Mich. at 473.

Plaintiff relies on the strength of his qualifications to demonstrate pretext. He argues that no reasonable employer would have selected Fournier or Labadie over him based on their

qualifications. Therefore, Plaintiff concludes that he has established an inference of discrimination. To support his assertions, Plaintiff directs the Court to *Bender v. Hecht's Department Stores*, 455 F.3d 612, 626-627 (6th Cir. 2006):

> Whether qualifications evidence will be sufficient to raise a question of fact as to pretext will depend on whether a plaintiff presents other evidence of discrimination. In the case in which a plaintiff does provide other probative evidence of discrimination, that evidence, taken together with evidence that the plaintiff was as qualified as or better qualified than the successful applicant, might well result in the plaintiff's claim surviving summary judgment.
> * * *
> On the other hand, in the case in which there is little or no other probative evidence of discrimination, to survive summary judgment the rejected applicant's qualifications must be so significantly better than the successful applicant's qualifications that no reasonable employer would have chosen the latter applicant over the former. In negative terms, evidence that a rejected applicant was as qualified or marginally more qualified than the successful candidate is insufficient, in and of itself, to raise a genuine issue of fact that the employer's proffered legitimate, non-discriminatory rationale was pretextual.

This holding does allow for evidence of vast disparities in qualifications to create an inference that discrimination was a motivating factor. However, this holding is inapplicable to this case.[3]

Michigan courts are guided in the interpretation of the Michigan Civil Rights Act by federal court interpretations of its counterpart federal statute. *Chambers v. Trettco, Inc.*, 463 Mich. 297, 313 (2000). However, Michigan courts are not compelled to follow federal interpretations. *Id.*, See also *Sharp v. City of Lansing*, 464 Mich. 792, 803 (2001)("federal case law can only be persuasive authority, not binding precedent, in resolving [discrimination cases], which involve only questions of state law."). In this case, *Bender* is contrary to holdings of the

---

[3]Even if it were applicable, Plaintiff's qualifications are not "significantly better" than Fournier's, sufficient to create an inference of discrimination without other probative evidence.

Michigan Supreme Court. Thus, it cannot constitute binding precedent in a discrimination case arising solely under Michigan law.

In *Hazle*, the court held that the plaintiff failed to create a triable issue for the jury concerning whether race was a motivating factor in the defendant's decision not to hire her. The court stated that the essence of the defendant's reason for not hiring the plaintiff was its belief that another candidate was more qualified than the plaintiff. Because the plaintiff failed to offer any evidence that the defendant acted with discriminatory animus, other than her subjective claim that she was better qualified, the plaintiff failed to create a genuine issue of material fact. The court noted that the plaintiff failed to offer any evidence that race was a motivating factor. The court noted that it would not second guess the defendant's business judgment concerning who it should hire, "the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Hazle*, 464 Mich. at 475-476 (citation omitted).

Ultimately, the *Hazle* court held that "**[a]s a matter of law, an inference of unlawful discrimination does not aries merely because an employer has chosen between two qualified candidates**. Under such a scenario, an equally - if not more - reasonable inference would be that the employer simply selected the candidate that it believed to be most qualified for the position." 464 Mich. at 471 (emphasis added). This is similar to an earlier holding in *Town*. In *Town*, the court stated that the plaintiff's strategy was to show her qualifications were superior to those of the successful candidate. 455 Mich. at 703. The court held that the plaintiff's argument focused more on the soundness of the defendant's decision than on the veracity of its

9

explanation. *Id*. at 704. Under the circumstances, where the comparison was not between an unqualified candidate and a qualified candidate, the plaintiff merely raised questions about the defendant's business judgment and the court would not second guess the defendant's decision. *Id*.

It is clear that under Michigan law, where both candidates are qualified for a position, a plaintiff in a discrimination case cannot create an inference of discrimination merely by showing that he was better qualified. Otherwise, the court would be called upon to decide whether a defendant made a *sound* decision, rather than a *lawful* one.

This case is similar to *Hazle* and *Town*. Plaintiff offers evidence that he had more education than both candidates hired by Defendant and more teaching experience than Labadie. However, he does not offer evidence to create an inference that Defendant's decision not to hire him was motivated by unlawful discrimination. Plaintiff does not address the fact that several women with Ph.D's were also rejected by Defendant. Plaintiff does not offer any evidence that Fournier or Labadie were not minimally qualified for the position. Plaintiff does not offer evidence that Defendant's belief that he was not a good fit was false. Plaintiff does not offer any evidence that Crews' stated reasons for failing to recommend Plaintiff for hire for the first position, or interview him for the second position, were pretextual.

Instead, when asked at the hearing what evidence he offers to demonstrate pretext, Plaintiff only pointed to his perceived disparity in qualifications between himself and the candidates who were hired. Plaintiff responded that a jury would have to decide if Crews' testimony that Plaintiff did not interview well was accurate. To prevail in a discrimination case, "the employee must submit admissible evidence to prove that the employer's nondiscriminatory

reason was not the true reason" for the adverse employment action. *Town*, 455 Mich. at 697. Plaintiff fails to offer any evidence from which a reasonable jury could infer that Defendant's proffered reason was a pretext for unlawful discrimination.

Accordingly, Plaintiff fails to establish a genuine issue of material fact and Defendant is entitled to summary judgment.

## V.   CONCLUSION

For foregoing reasons, the Court **GRANTS** Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

>  **S/Sean F. Cox**
>  **Sean F. Cox**
>  **United States District Judge**

**Dated:  January 16, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2007, by electronic and/or ordinary mail.**

>  **S/Jennifer Hernandez**
>  **Case Manager**